IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 5 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02071-BNB

DAVID L. COLLINS,

Petitioner, also named as Third Party Intervenor [sic],

v.

THE PEOPLE OF THE STATE OF COLORADO, d/b/a The People of the State of Colorado, et al.,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, David L. Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He attempted to initiate this action by filing ***pro se*** a "Motion to Proceed In Forma Pauperis," a "Motion for Restoration of Liberty," and a document titled "Production of Documents Clerk of Court of U.S. District Court Subpoena(s) Duces Tecum."

In an order filed on August 26, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Collins to cure certain deficiencies within thirty days if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Collins either to pay the $5.00 filing fee for a habeas corpus action or to submit on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate showing the current balance in his prison account. Rule 3 of the Rules

Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement.

The August 26 order also directed Mr. Collins to file on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The order warned Mr. Collins that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On September 21, 2010, apparently in response to the August 26 order, Mr. Collins filed six documents titled "Affidavit and Judicial Notice," "Request for Writ of Prohibition," "Motion of Formal Complaint," "Motion for Arrest Warrants for Bonds and/or Insurance Policy Value," "Motion for Clarification," in which he alleges that he is returning his copy of the August 26 order because he did not consent to the initiation of a case; and returning his copy of the August 26 order that he signed "Without Prejudice" as a third-party intervenor, and stamped as "Refused for Cause," "Consent Not Given," and "Permission Denied." ***See***, respectively, document nos. 12, 5, 8, 10, 9, and 6. Also on September 21, he filed a request for a copy of his trust fund account (document no. 7) and a certificate of mailing (document no. 11).

Mr. Collins has failed to cure the designated deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies designated in the August 25 order to cure.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 4th day of October, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02071-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/5/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk